# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON PRICE,

    Defendant.                        No. 08-cr-30179-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Brandon Price's motion for immediate release based upon retroactive application of sentencing guidelines (Doc. 70). On July 31, 2012, defendant filed his motion, requesting the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 2D1.1, as revised effective November 1, 2011, and *Dorsey v. United States*, 132 S. Ct. 2321 (2011). The government agrees that defendant is entitled to a sentence reduction based upon *Dorsey*, but contends that it is unclear whether 18 U.S.C. § 3582(c)(2) allows for re-sentencing below a statutory mandatory minimum. As such, the government submits that defendant could seek relief from the statutory mandatory minimum sentence pursuant to 28 U.S.C. § 2255, which affords a remedy to a defendant if a "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* at (a). Nevertheless, the government concludes that whether through § 3582(c)(2) or § 2255(a), the government agrees that defendant should be re-sentenced under the

statutory and guidelines provisions of the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (the "Act"). For the reasons that follow, defendant's motion (Doc. 70) is granted.

## I. Background

On August 20, 2008, a one count indictment charging possession with intent to distribute cocaine base within 1000 feet of a school was filed against defendant. (Doc. 1). A superseding indictment alleging the same count was filed on October 22, 2008. (Doc. 14). On December 4, 2009, defendant entered into a plea agreement with the government whereby he agreed to plead guilty in this case, and the government agreed to recommend a sentence at the low end of the sentencing range. (Doc. 53).[1] That same day, defendant's guilty plea was entered and his sentencing was scheduled. Eventually, after being continued, defendant's sentencing was set for September 24, 2010.

Until August 3, 2010, "the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey*, 132 S.Ct. at 2326. "It imposed, for example, the same 5-year minimum term upon (1) an[] offender convicted of possessing with intent to distribute *500* grams of powder cocaine as upon (2) an[] offender convicted of possessing with intent to distribute *5* grams of crack." *Id.*

On August 3, 2010, the Fair Sentencing Act was enacted. "The Act increased

---

[1] Defendant's relevant conduct was either 10.2 or 13.2 grams of crack cocaine.

the drug amounts triggering mandatory minimums for crack trafficking offense from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." *Dorsey*, 132 S.Ct. at 2329. "The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1." *Id.* "The Act also eliminated the 5-year mandatory minimum for simple possession of crack." *Id.*

"Further, the Fair Sentencing Act instructed the Commission to make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." *Id.* (internal quotations omitted). "And it directed the Commission to promulgate the guidelines, policy statements, or amendments provided for in this Act as soon as practicable, and in any event not later than 90 days after the new Act took effect." *Id.* (internal quotations omitted).

On September 24, 2010, defendant was sentenced to 60 months' imprisonment followed by 8 years of supervised release after pleading guilty to one count of possession with intent to distribute cocaine base within 1000 feet of a school. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), & 860. (Doc. 68). In sentencing defendant, the Court adopted the presentence investigation report prepared by defendant's probation officer, who used the 2009 edition of the Guidelines to calculate defendant's offense level. Utilizing the findings therein the Court found a total offense level of 23 and a criminal history category of I. This resulted in a guideline range of 46 to 57 months. There was, however, a mandatory minimum

sentence of 60 months under the statute prior to the enactment of the Act, which Seventh Circuit case law held was applicable at that time. As a result, the Court sentenced defendant to 60 months' imprisonment, the statutory mandatory minimum, along with 8 years of supervised release.

On October 27, 2010, the Commission gave notice of "promulgated conforming emergency Guidelines amendments that became effective November 1, 2010." *Dorsey*, 132 S.Ct. at 2329 (citing 75 Fed. Reg. 66188 (2010)). "A permanent version of those Guidelines amendments took effect on November 1, 2011." *Dorsey*, 132 S.Ct. at 2329. Amendment 750 re-promulgated as permanent the temporary, emergency amendment (effective November 1, 2010), that implemented the emergency directive in the Act, which reduced the statutory penalties for cocaine base ("crack cocaine") offenses, eliminated the statutory mandatary minimum sentence for simple possession of crack cocaine, and contained directives to the Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases. U.S. SENTENCING GUIDELINES MANUAL app. C, amend 750 (2011). "The quantity threshold required to trigger the 5-year mandatory minimum term of imprisonment was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum term of imprisonment was increased from 50 grams to 280 grams." *Id.* Appendix C does provide, however, that "some offenders are sentenced at the statutory mandatory minimum and therefore cannot have their sentences lowered by an amendment to the guidelines." *Id.* (citing U.S. SENTENCING GUIDELINES MANUAL §

5G1.1(b) (1989)) (Sentencing on a Single Count of Conviction)). Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(b) (1989). Amendment 750 further states that "[o]ther offenses are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." U.S. SENTENCING GUIDELINES MANUAL app. C, amend 750 (2011).

Then, on June 21, 2012, the United States Supreme Court decided *Dorsey*, which held that the Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders," "who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id.* at 2326. Further, the Court held that Act's lower minimums apply to those who committed an offense prior to August 3, 2010, but before November 1, 2010, a period after the new Act's effective date but before the new Guidelines first took effect. *Id.* at 2335-36. Thus, there is no question that defendant should have been sentenced under the Act. Under the Act, defendant's guideline range is between 24 to 30 months, followed by at least 6 years of supervised release. The five-year mandatory minimum that applied for simple possession and the quantity threshold five-year mandatory minimum no longer apply to defendant under the Act because he possessed less than 28 grams of crack cocaine. The only question that remains is whether this Court has jurisdiction to amend defendant's sentence, which was based on a statutory

mandatory minimum that has subsequently been held to no longer apply to defendant, and if so, whether the Court chooses, in its discretion, to lower defendant's sentence. See *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009) ("[A] section 3582(c)(2) modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered."). Defendant did not appeal the Court's sentence, consistent with the bargained for waiver of appeal in the plea agreement.

## II. Analysis

"[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed.'" *Cunningham*, 554 F.3d at 708 (quoting 18 U.S.C. § 3582(c)). "When Congress granted district courts discretion to modify sentences in section 3582(c)(2), it explicitly incorporated the Sentencing Commission's policy statements limiting reductions." *Cunningham*, 554 F.2d at 708 (citing *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994)). "Thus, the Commission's policy statements should for all and intents and purposes be viewed as part of the statute." *Cunningham*, 554 F.2d at 708. "The policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range)." *Id.* (citing U.S.S.G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A)). "Indeed, mandatory minimum sentences–which cabin the district court's discretion with regard to section

3553(a) factors–have been upheld as constitutional." *Cunningham*, 554 F.2d at 708 (citing *Harris v. United States*, 536 U.S. 545, 565-68 (2002)).

A defendant need not be present to correct or reduce a sentence under § 3582(c). FED. R. CRIM. P. 43(b)(4). Indeed, "[h]ow a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). A judge can re-sentence under a new guideline on its own initiative, without a motion by the defendant. *United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008) (citing 18 U.S.C. § 3582(c)).

"Section 3582(c)(2) empowers district judges to correct sentences that depend on frameworks that later prove unjustified." *Freeman v. United States*, 131 S.Ct. 2685, 2690 (2011). "There is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range." *Id.* The policy statement that applies to § 3582(c)(2) motions "instructs the district court in modifying a sentence to substitute only the retroactive amendment and then leave all original Guidelines determinations in place." *Id.* (citing U.S.S.G. § 1B1.10(b)(1)). "[Section] 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 131 S.Ct. at 2692-93. Section 3582(c)(2) contributes to the Sentencing Reform Act's goal of creating a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences

by "ensuring that district courts may adjust sentences imposed pursuant to a range that the Commission concludes are too severe, out of step with the seriousness of the crime and the sentencing ranges of analogous offenses, and inconsistent with the Act's purposes." *Id.* at 2694.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]" 18 U.S.C. § 3582(c)(2). In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); see *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2817 (2009). "Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum." *Forman*, 553 F.3d at 588.

In *United States v. Jackson*, 573 F.3d 398 (7th Cir. 2009), the defendant was convicted of possession with intent to deliver crack cocaine in 1998. In 2007, the

Sentencing Commission reduced the penalties for crack cocaine offenses by amending, and applying retroactively § 2D1.1 of the Sentencing Guidelines. *Id.* at 399. Accordingly, in 2008, the defendant moved the district court, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence. *Id.* The district court denied the motion, finding that it had no authority to modify the sentence because the defendant was sentenced under the career offender provisions of the Guidelines, U.S.S.G. § 4B1.1, which were not amended, rather than on the basis of any crack cocaine quantities under the amended Guideline § 2D1.1. *Id.* The defendant appealed. *Id.*

On appeal, the Seventh Circuit affirmed, finding that "the amendment does nothing to lower [the defendant's] guideline range because [the defendant] was sentenced as a career offender and not under the amended Guidelines." *Id.* at 399-400. The court noted that "[t]he career offender Guidelines have not been amended and, accordingly, [the defendant's] sentence falls outside the class of cases that a district court has jurisdiction to modify." *Id.* at 400.

Here, the defendant was sentenced to the statutory mandatory minimum of 60 months' imprisonment because at the time he was sentenced the Court thought the statutory mandatory minimum, i.e., 60 months' imprisonment for simple possession or having more than five grams of crack cocaine, applied to defendant. The Supreme Court has since clarified, however, that the Fair Sentencing Act, which removed the statutory mandatory minimum for simple possession and increased the drug amounts triggering the five-year mandatory minimum for crack trafficking offenses from 5 grams to 28 grams applied to defendant at the time he was sentenced. The

government simply questions whether defendant can be re-sentenced under 18 U.S.C. § 3582(c)(2).

The Court certainly understands the government's concerns, considering that in general, defendants sentenced to a statutory mandatory minimum cannot have their sentences lowered by an amendment to the guidelines. *Forman*, 553 F.3d at 588; *Jackson*, 573 F.3d at 399-400. The Court finds these cases distinguishable, however, because not only has defendant's sentencing range been lowered by the Sentencing Commission, but the very statutory mandatory minimum upon which defendant was sentenced has either been eliminated or has changed based upon increased drug amounts needed to trigger the statutory mandatory minimum. Defendant was not sentenced based upon his status as a career offender, *Forman*, 553 F.3d at 589-90; *Jackson*, 573 F.3d at 399-400, or based upon some other statutory mandatory minimum that has not been since changed, but rather based upon the statutory mandatory minimum that the Supreme Court in *Dorsey* ruled did not apply to him. *Dorsey*, 132 S.Ct. at 2335-36. Thus, this Court finds this case, where the statutory mandatory minimum itself has been terminated or amended, is distinguishable from cases that have held that defendants sentenced to a statutory mandatory minimum cannot have their sentences lowered by an amendment to the guidelines. As a result, this Court finds that it has jurisdiction to amend defendant's sentence and will do so in accordance with *Dorsey* and the Fair Sentencing Act.

In addition, the Court finds further support for its finding that is has jurisdiction based upon the fact that defendant has satisfied the criteria required to

received a sentence reduction under § 3582(c)(2).  First, the Sentencing Commission has lowered the applicable guideline sentencing range, doing so with emergency Guideline amendments that became effective November 1, 2010, and making those Guideline amendments permanent on November 1, 2011.  Under the new guideline range defendant's guideline range went from 46 to 57 months, with a 60 month mandatory minimum, to 24 to 30 months, without the 60 month mandatory minimum.  Second, the reduction is consistent with the applicable policy statements issued by the Sentencing Commission, specifically "[t]he quantity threshold required to trigger the 5-year mandatory minimum term of imprisonment was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum term of imprisonment was increased from 50 grams to 280 grams."  76 Fed. Reg. 24960 (2011).  "The new mandatory minimum quantity threshold levels for crack cocaine offense are consistent with the Commission's 2007 report to Congress, Cocaine and Federal Sentencing Policy, in which the Commission, based on available information, defined crack cocaine offenders who deal in quantities of one ounce (approximately 28 grams) or more in a single transaction as wholesalers." *Id.*

Moreover, the Court also notes that it believes it would have jurisdiction to modify the terms of imprisonment under 18 U.S.C. § 3582(c)(1)(B)) because the Supreme Court held that the Fair Sentencing Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders" "who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3."

*Dorsey*, 132 S. Ct. at 2326. Section 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B). The Supreme Court has thus ruled that Fair Sentencing Act expressly permits the Court to modify a term of imprisonment for defendants who committed a crack cocaine crime before the Act was enacted but who were sentenced thereafter.

Accordingly, applying the new Guidelines in accordance with *Dorsey*, the Court finds a total offense level of 17 (base offense level of 19 plus 2 for protected location minus 3 for acceptance of responsibility), with a criminal history category I. As stated previously, defendant's resulting guideline range is now 24 to 30 months with at least 6 years of supervised release. Considering the sentencing factors, as the Court did in the original sentencing hearing, pursuant to 18 U.S.C. § 3553(a) and with no evidence provided by the government that the defendant has not comported himself appropriately while in prison, the Court finds no reason to vary from the sentence called for by the Sentencing Guidelines.

Therefore, defendant, having been in custody continuously for this offense since December 4, 2009, is hereby sentenced to time served, with six years of supervised release, and all other terms of the previous sentence remaining the same.

With regard to the government's contention that defendant could seek relief pursuant to 28 U.S.C. § 2255, the Court need not decide that issue, but notes that the Court cannot recharactertize defendant's motion as a § 2255 motion unless the Court informs the litigant of its intent to recharacertize, warns the litigant that the

recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the defendant with an opportunity to withdraw, or to amend, the filing. *Castro v. United States*, 540 U.S. 375, 377 (2003). The Court need not do that here.

### III. Conclusion

For the reasons stated above, defendant's motion (Doc. 70) is hereby granted. Defendant's sentence is hereby amended to be time served, with six years of supervised release, and all other terms of the previous sentence remaining the same.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012. This order shall be effective on August 19, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.09 13:38:30 -05'00'

**Chief Judge**
**United States District Court**